UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

PATRICIA PHEFFERKORN AND            CIVIL ACTION NO. 6:18-cv-01499
GEORGE PHEFFERKORN

VERSUS                              JUDGE SUMMERHAYS

BROOKSHIRE GROCERY COMPANY,    MAGISTRATE JUDGE HANNA
ET AL.

## ORDER

Pending before the court is the motion to remand that was filed by the
plaintiffs, Patricia and George Phefferkorn.  (Rec. Doc. 9).  The motion is opposed.
(Rec. Doc. 14).  The motion was referred to the undersigned Magistrate Judge for
review, report, and recommendation in accordance with the provisions of 28 U.S.C.
§ 636 and the standing orders of this Court.  The motion is set for oral argument
before the undersigned Magistrate Judge on January 24, 2019.

This lawsuit originated in the 27th Judicial District Court, St. Landry Parish,
Louisiana, when the plaintiffs sued four defendants seeking to recover damages
allegedly resulting from plaintiff Patricia Phefferkorn's slip and fall in the parking
lot of a Super One grocery store.  Defendants Brookshire Grocery Company and The
Travelers Indemnity Company of Connecticut removed the action (Rec. Doc. 1) with
the consent (Rec. Doc. 1-4) of defendants Doyle Rogers Company, Inc. and
American Zurich Insurance Company.  In the removal notice, the defendants alleged

that the court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.  (Rec. Doc. 1 at 2-3).

The plaintiffs filed a motion to remand, presenting a legal argument concerning the amount in controversy, and neither party addressed the citizenship of the parties in their briefing of the issues relevant to the remand motion.  After reviewing the pleadings, however, this Court is unable to determine whether the parties are diverse in citizenship.  It would be futile to take up the amount-in-controversy issue if the parties are not diverse.  Therefore, the defendants will be required to establish that the parties are diverse in citizenship before the motion to remand will be heard.

The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1]  In this case, the removing defendants must bear that burden.  More particularly, the party asserting jurisdiction under 28 U.S.C. § 1332 must distinctly and affirmatively allege the citizenship of the parties.[2]

In the petition, the plaintiffs alleged that they are domiciled in Louisiana. (Rec. Doc. 1-3 at 3).  Because the citizenship of a natural person is determined by

---

[1]     *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[2]     *Howery v. Allstate Ins. Co*., 243 F.3d 912, 919 (5th Cir. 2001).

2

the state in which he or she is domiciled,[3] the plaintiffs established that they are citizens of Louisiana.  For this Court to have jurisdiction under 28 U.S.C. § 1332, the defendants must all be citizens of states other than Louisiana.

In the removal notice, the defendants alleged that Brookshire is a corporation organized under the laws of the State of Texas with its principal place of business located in Texas and that Travelers is a corporation organized under the laws of the State of Connecticut with its principal place of business in Connecticut.  (Rec. Doc. 1 at 2).   Because a corporation's citizenship is determined by its state of incorporation and the state of its principal place of business,[4] the allegations concerning these two defendants establish that they are citizens of Texas and Connecticut, respectively.

But the defendants did not provide similar information concerning the other two defendants.  In the petition, the plaintiffs alleged only that defendants Doyle Rogers Company, Inc. and American Zurich Insurance Company were foreign corporations (Rec. Doc. 1-3 at 3), which is insufficient to establish their citizenship. In the removal notice, the defendants provided no additional information concerning those entities.  In answer to the plaintiffs' petition, LRS General Partnership alleged that it is a defendant, having been incorrectly referred to in the petition as Doyle

---

[3]     *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564, 571 (5th Cir. 2011).

[4]     28 U.S.C. § 1332(c)(1).

3

Rogers Company, Inc., and Zurich American Insurance Company alleged that it is a defendant, having been incorrectly referred to in the petition as American Zurich Insurance Company.  (Rec. Doc. 12 at 1).  Neither the answer nor the corporate disclosure statement filed by these two parties set forth information establishing their citizenship.

It appears that Zurich American is a corporation.  If so, the removing defendants must identify the state in which it was incorporated and the state in which it has its principal place of business to establish its citizenship.  It appears that LRS is a partnership.  If so, then the citizenship of each partner must be identified to establish its citizenship.[5]  Accordingly,

IT IS ORDERED that the removing defendants shall, not later than January 21, 2019, file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship.  These facts shall be supported with summary-judgment-type evidence.  Zurich American and LRS shall cooperate with the removing defendants in gathering and presenting the necessary jurisdictional facts. The plaintiffs will be allowed seven days to respond to the removing defendants' submission.

---

[5]    See, *Settlement Funding, LLC v. Rapid Settlements, Limited*, 851 F.3d 530, 536 (5th Cir. 2017); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

IT IS FURTHER ORDERED that the oral argument on the pending motion to remand, which was previously scheduled for January 24, 2019, is CONTINUED and RESET for 9:30 a.m. on Thursday, February 21, 2019.

Signed at Lafayette, Louisiana, this 3rd day of January 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE