UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PATRICIA PHEFFERKORN AND GEORGE PHEFFERKORN | CIVIL ACTION NO. 6:18-cv-01499 |
| VERSUS | JUDGE SUMMERHAYS |
| BROOKSHIRE GROCERY COMPANY, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Pending before this Court is the motion to remand, which was filed by the plaintiffs, Patricia and George Phefferkorn. (Rec. Doc. 9). The motion is opposed. The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be DENIED.

## Background

Mrs. Phefferkorn was allegedly injured in a slip-and-fall incident in the parking lot of a Super 1 Food Store in Opelousas, Louisiana on October 9, 2017. Less than a year later, Mr. and Mrs. Phefferkorn filed suit in the 27th Judicial District Court, St. Landry Parish, Louisiana, and asserted claims against Brookshire Grocery Company (the alleged owner and operator of the grocery store); The Travelers Indemnity Company of Connecticut (the alleged insurer of Brookshire); Doyle

Rogers Company, Inc. (the alleged lessor of the store's building and parking lot); and American Zurich Insurance Company (the alleged insurer of Doyle Rogers Company). Subsequently, LRS General Partnership replaced Doyle Rogers Company, Inc. and Zurich American Insurance Company replaced American Zurich Insurance Company as proper parties to the lawsuit.[1]

The petition did not explain the nature or extent of Mrs. Phefferkorn's alleged injuries nor did it seek the recovery of a specific amount of damages. Before initiating the lawsuit, however, the Phefferkorns' counsel sent a letter to the lessor's insurer on July 3, 2018, describing the injuries that Mrs. Phefferkorn allegedly sustained in the incident and the medical treatment that she received. In the letter, the plaintiffs offered to settle the case for $79,187.00.[2]

On November 16, 2018, Brookshire and Travelers removed the action, with the consent of the other defendants.[3] In their removal notice, they alleged that subject-matter jurisdiction exists under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 14-2 at 4.

[3] Rec. Doc. 1 at 3.

The plaintiffs responded to the removal notice with a motion to remand, contending that this Court lacks subject-matter jurisdiction because the amount in controversy is less than the jurisdictional threshold.

## **Law and Analysis**

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[4] Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[5] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[6] A suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[7] Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns."[8] The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against

---

[4] See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[5] 28 U.S.C. § 1331.

[6] 28 U.S.C. § 1332.

[7] *Howery v. Allstate*, 243 F.3d at 916.

[8] *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

federal-court jurisdiction.[9] The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction by a preponderance of the evidence.[10] When an action is removed from state court, as this suit was, the removing party bears the burden of proving that federal jurisdiction exists.[11] Accordingly, the removing defendants have the burden of establishing that the court has jurisdiction over this matter.

To remove a case based on diversity jurisdiction, a defendant must demonstrate "that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied."[12] The removing defendant must establish that the amount in controversy exceeds $75,000 and also that the parties are diverse in citizenship.[13] In this case, however, the parties did not address the citizenship of the parties in their briefing of the motion to remand, and this Court was unable to determine whether the parties were diverse. This Court ordered the removing

---

[9] *Carpenter v. Wichita Falls*, 44 F.3d at 366; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[10] *Howery v. Allstate Ins. Co.*, 243 F.3d at 919; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[11] *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

[12] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (*en banc*).

[13] 28 U.S.C. § 1332.

defendants to brief the issue of the parties' citizenship.[14] The removing defendants complied,[15] this Court reviewed the additional information provided, and this Court now finds that the parties are diverse in citizenship. A question remains, however, concerning whether the amount-in-controversy requirement is also satisfied.

**A.    The Amount in Controversy**

The amount in controversy is the sum claimed in the plaintiff's complaint if the claim was apparently made in good faith.[16] In Louisiana, plaintiffs are not permitted to plead a specific dollar amount of damages.[17] Therefore, the original petition filed in this lawsuit does not request recovery of a specific amount. To justify remand, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[118]

When the complaint does not state a specific amount of damages, as in this case, the defendant must establish by a preponderance of the evidence that the

---

[14]    Rec. Doc. 17.

[15]    Rec. Doc. 19.

[16]    *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253; *De Aguilar v. Boeing Co.*, 47 F.3d at 1408; *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).

[17]    Louisiana Code of Civil Procedure Article 893(A)(1). See, also, *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

[18]    *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253, quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

amount in controversy exceeds the jurisdictional threshold.[19] This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount.[20] "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional amount]."[21] The court must first examine the complaint to determine whether it is facially apparent that the value of the plaintiff's claims exceed the jurisdictional threshold; if not, the court may then rely on summary-judgment-type evidence to ascertain the amount in controversy.[22] Any doubts as to the propriety of removal should be construed strictly in favor of remand.[23]

In this case, the amount in controversy is not facially apparent. The plaintiffs' petition indicates that the plaintiffs are seeking to recover for Mrs. Phefferkorn's

---

[19] *Simon v. Wal–Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[20] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[21] *De Aguilar v. Boeing*, 47 F.3d at 1412 (emphasis in original).

[22] *Luckett v. Delta Airlines*, 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[23] *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d at 723.

past, present, and future mental and physical pain and suffering, medical travel expenses, medical expenses, loss of enjoyment of life, lost wages, and lost earning capacity as well as for Mr. Phefferkorn's loss of consortium. But the petition does not describe the nature or extent of Mrs. Phefferkorn's alleged injuries, does not describe any medical treatment that she had or the cost of that treatment, does not state how much time she lost from work during her convalescence, and does not provide any method for calculating the alleged damages. Similarly, the petition does not explain the basis for Mr. Phefferkorn's loss of consortium or provide any insight as to how his damages might be calculated. Consequently, the removing defendants must prove the amount in controversy by a preponderance of the evidence.

In their removal notice, the defendants argued that the amount in controversy was established – before the suit was filed – when the plaintiffs' counsel sent a written settlement demand to some of the defendants. The plaintiffs argued, however, that the settlement demand was for both plaintiffs, correctly noting that the distinct claims of two or more plaintiffs cannot be added together to satisfy the jurisdictional amount.[24] Therefore, the value of Mr. Phefferkorn's loss of consortium claim cannot be added to the value of Mrs. Phefferkorn's personal injury

---

[24] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995) ("The Supreme Court has long interpreted § 1332's phrase "matter in controversy" *not* to allow multiple plaintiffs to add together 'separate and distinct demands, unite[d] for convenience and economy in a single suit,' to meet the requisite jurisdictional level.") (citations omitted; emphasis added).

claim to satisfy the amount-in-controversy requirement. The plaintiffs also submitted an affidavit – dated December 12, 2018 or two full months after the suit was filed – stating that they renounced their right to recover more than $75,000.[25]

On July 3, 2018, the plaintiffs' counsel sent a letter to one of the defendants' insurers, offering to settle Mrs. Phefferkorn's claim for $79,187.00 – an amount exceeding the jurisdictional threshold.[26] Suit was filed three months later, and the case was removed less than thirty days after the suit was filed. Although the Fifth Circuit has not specifically addressed how to evaluate the amount in controversy in light of a pre-suit settlement demand, Louisiana district courts have often acknowledged that pre-suit offers or demands are "valuable evidence" in determining the amount in controversy.[27] Here, the plaintiffs' demand letter is a thorough and well-reasoned analysis of Mrs. Phefferkorn's damages, and the plaintiffs have not argued that their settlement demand was inflated or was in any way not an honest assessment of her damages. Although they argued that the settlement demand was for both Mrs. Phefferkorn's personal injury damages and

---

[25] Rec. Doc. 9-2.

[26] Rec. Doc. 14-2 at 4.

[27] See, e.g., *McGlynn v. Huston*, 693 F.Supp.2d 585, 595 n. 8 (M.D. La. 2010); *Johnson v. Macy's Department Store*, No.14-226-JWD-RLB, 2014 WL 5822788, at *5 (M.D. La. Nov. 10, 2014); *Creppel v. Fred's Stores of Tennessee, Inc.*, No. 13-734, 2013 WL 3490927, at *3 (E.D. La. July 10, 2013); *Wheeler v. Farmers Ins. Exchange*, No. 13-cv-0951, 2013 WL 4432097, at *3 (W.D. La. Aug. 16, 2013); *Lafayette City–Parish Consol. Government v. Chain Elec. Co.*, No. 11-1247, 2011 WL 4499589, at *6 (W.D. La. Sept. 23, 2011).

Mr. Phefferkorn's loss of consortium damages, that argument is not supported by the information set forth in the letter itself.[28] In the opening paragraph, the plaintiffs' counsel stated that she represented Patricia Phefferkorn – not Patricia and George Phefferkorn. The next section of the letter described the mechanics of the incident in which Mrs. Phefferkorn was allegedly injured, with no mention of Mr. Phefferkorn. The following section of the letter described Mrs. Phefferkorn's injuries and medical treatment, again without mentioning Mr. Phefferkorn. In the letter's conclusion section, the plaintiffs' counsel wrote that she was willing to recommend that her client – singular not plural – accept the sum of $79,187 in settlement of her claim. The letter does not state that Mr. Phefferkorn has a loss of consortium claim, and no sum is demanded for any damages that he might have incurred as a result of his wife's injury. Indeed, the letter does not mention Mr. Phefferkorn at all. Accordingly, the plaintiffs' argument that the pre-suit settlement demand letter stated a combined settlement demand for both plaintiffs lacks merit.

In light of the specific information set forth in the pre-suit demand letter, this Court finds that the letter represents the plaintiffs' actual valuation of Mrs. Phefferkorn's claim and constitutes relevant summary-judgment-type evidence of the value of that claim at the time it was written. Because no evidence was submitted

---

[28] Rec. Doc. 14-2.

regarding any changes in that valuation between the time the letter was written and the time of removal, this Court further finds that the letter constitutes relevant summary-judgment-type evidence of the value of Mrs. Phefferkorn's claim at the time of removal. Thus, the defendants showed by a preponderance of the evidence that the amount in controversy exceeds $75,000 – and did so at the time of removal.

"Post-removal affidavits sometimes can be relevant where the jurisdictional amount question is unresolved"[29] but if, "after removal, by stipulation, by affidavit, or by amendment of his pleadings, [the plaintiff] reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."[30] "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal."[31] A plaintiff's stipulation regarding the amount in controversy is binding if he expressly renounces his right to recover in excess of $75,000 in the event he is awarded a greater amount.[32] While the plaintiffs in this case have done just that, the amount in controversy was not

---

[29] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1406 (5th Cir. 1995).

[30] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

[31] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[32] See, e.g., *Chiriaco v. Southern Fidelity Insurance Company*, No. 16-13165, 2016 WL 5349649, at *3 (E.D. La. Sept. 26, 2016); *Latiolais v. Union Pacific R. Co.*, No. 6:14-2582, 2014 WL 6455595, at *3 (W.D. La. Nov. 12, 2014).

ambiguous at the time of removal, and the plaintiffs' affidavit can only be interpreted as an attempt to change the amount in controversy rather than an attempt to clarify what the amount in controversy was at the time of removal.

The amount in controversy was not ambiguous at the time of removal, and it was estimated by the plaintiffs to be in excess of $75,000 as explained in their settlement demand. Therefore, the post-removal affidavit submitted by the plaintiffs is, at best, "an impermissible attempt to deprive this Court of jurisdiction that has already vested."[33] This Court therefore declines to consider the plaintiffs' post-removal affidavit.

## Conclusion

Because the parties are diverse in citizenship and the amount in controversy exceeded $75,000 at the time of removal, this Court finds that the court has subject-matter jurisdiction over this action and recommends that the plaintiffs' motion to remand (Rec. Doc. 9) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

---

[33] *Thompson v. Acceptance Indem. Ins. Co.*, No. 14-1424, 2014 WL 7369733, at *6 (E.D. La. Dec. 29, 2014).

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[34]

Signed at Lafayette, Louisiana, this 29th day of January 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[34] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).